S89A0067. DARRELL DORMINEY CHILDREN'S HOME et al. v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.

(389 SE2d 211)

BELL, Justice.

This appeal presents challenges to the constitutionality of OCGA Ch. 49-5, Art. 1 (the Children and Youth Act), which requires "child caring institutions," OCGA § 49-5-3 (1), to be licensed to operate by the Georgia Department of Human Resources (DHR), OCGA § 49-5-12 (b) (1). The appeal also challenges corresponding DHR regulations.

The Ware Baptist Church and its pastor, Earl Dorminey, operate the Darrell Dorminey Children's Home (the Home). The Home is a "child caring institution" within the meaning of § 49-5-3 (1), but Dorminey and the Home failed to seek a license from DHR as a child caring institution. After receiving complaints about the Home, DHR investigated, and, according to DHR, found many violations. DHR subsequently filed a complaint against Dorminey and the Home, seeking to prohibit the operation of the Home and to obtain other injunctive relief. The defendants responded by raising constitutional challenges to the Children and Youth Act and to DHR regulations that pertain to child caring institutions.

The trial court found no constitutional infirmity in the Children and Youth Act. However, the court deferred ruling on the relief DHR had sought, and instead ordered the defendants to apply within 60 days to DHR for a license to operate the Home, or to otherwise have DHR recognize the Home as a child caring institution. The defendants appealed. For the following reasons, we affirm the judgment of the trial court.

1. The appellants contend that their right of free exercise of religion under the First Amendment of the United States Constitution is violated by the Children and Youth Act as applied in this case, and by DHR regulations governing child care institutions.

We disagree. It is our opinion that the record adequately demonstrates that the state has an interest in using the license requirement to protect the welfare of children in child caring institutions, and that the state's interest is so compelling that it overrides appellants' claim of any incidental burden on their free exercise of religion.

We therefore hold that the license requirement does not violate the Free Exercise Clause of the First Amendment.

2. Appellants contend that the license requirement under the Children and Youth Act as applied in this case and the DHR regulations governing child care institutions violate the Establishment Clause of the First Amendment.

However, this contention has no merit, as the license requirement has a secular purpose; has a primary effect that neither advances nor inhibits religion; and does not create an excessive entanglement be-

26

tween government and religion. Cf. *Tony & Susan Alamo Foundation v. Secretary of Labor*, 471 U. S. 290, 305 (105 SC 1953, 85 LE2d 278) (1985).

3. Appellants assert that the Children and Youth Act and corresponding regulations violate the right of the parents of children in the Home to direct the education, care, and training of their children under the Ninth Amendment of the United States Constitution.

We find no merit in this enumeration. Initially, we note that there is no indication that appellants have legal custody of the children in the Home, and appellants have cited no authority to show that they have standing to raise the Ninth Amendment issue on behalf of the parents. Moreover, none of the cases relied upon by appellants address the right of a state to protect the best interests and welfare of children who reside in child caring institutions.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 1990 —
RECONSIDERATION DENIED MARCH 28, 1990.

*Douglas L. Gibson, Daniel Jon Loomis,* for appellants.
*Michael J. Bowers, Attorney General, Mary F. Russell, Assistant Attorney General, Michael D. Devane,* for appellee.